**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0544n.06

**No. 11-5418**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*May 29, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| GLENDA KOLOTA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| SEVIER COUNTY, TENNESSEE, on behalf of | ) | O P I N I O N |
| Ronald Seals; KANDI ARWOOD; MICHELLE | ) | |
| MAY GUNTER; MEGAN ASHLEY HUDSON; | ) | |
| KRYSTAL MARIE KAWALSKI; VANDY NOEL | ) | |
| MORIN; SEVIER COUNTY, TENNESSEE, on | ) | |
| behalf of Unknown Sevier County Sheriff Deputies, | ) | |
| Unknown Sevier County Employees, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

**BEFORE: SUTTON, McKEAGUE, and RIPPLE,** [*] **Circuit Judges.**

**McKeague, Circuit Judge.** Plaintiff Glenda Kolota brings this civil rights action under 42

U.S.C. § 1983 arising out of an assault and rape that she suffered while incarcerated in the Sevier

County Detention Facility. Plaintiff brought suit against the perpetrators of her rape as well as Sevier

County, Tennessee, claiming that the County had a custom of endemic overcrowding that resulted

in her being housed alongside more violent offenders and, ultimately, contributed to her rape. On

Sevier County's motion, the district court granted summary judgment and declined supplemental

jurisdiction over Plaintiff's state law claims. We agree with the reasoning of the district court, and

---

[*]The Honorable Kenneth F. Ripple, United States Court of Appeals for the Seventh Circuit,
sitting by designation.

affirm on those grounds. A separate opinion from this Court would do nothing to add to the sound reasoning of the district court's opinion.

Plaintiff has not met her burden on summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). To be sure, her experience was unimaginably traumatic, but she has not demonstrated that overcrowding and misclassification were a custom in the Sevier County Detention Facility or that the misclassification was the moving force that caused her rape, which was perpetrated by fellow inmates. *See Monell v. Dept. of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–92 (1978); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 815 (6th Cir. 2005). Without such a showing, there can be no genuine dispute as to Sevier County's liability under 42 U.S.C. § 1983. *City of St. Louis v. Praportnik*, 485 U.S. 112, 123 (1988) ("[M]unicipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, 'that is, acts which the municipality has officially sanctioned or ordered.'") (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). It bears adding that Plaintiff's contention that the district court should have considered reports, which she claims come from the Tennessee Corrections Institute, in making its summary judgment decision does not change matters. Even if we account for the contents of the reports, they fail to establish a material dispute of fact about any improper custom or causation.

After carefully reviewing the district court's opinion, the record, and the applicable law, we are satisfied that the issues were thoroughly and correctly resolved by the district court and that summary judgment in favor of Sevier County was proper. Accordingly, we **AFFIRM** the judgment of the district court on the grounds stated in its well-reasoned opinion filed on March 28, 2011.